```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                       CENTRAL DIVISION at LEXINGTON


UNITED STATES OF AMERICA,     )
                              )
     Plaintiff,               )
                              )       Criminal Case No.
v.                            )        10-cr-13-JMH-1
                              )
MARK WAYNE CHANDLER,          )
                              )
     Defendant.               )    MEMORANDUM OPINION & ORDER


                             ***
```

This matter is before the Court upon Defendant Mark Wayne Chandler's pro se Motion for Return of Firearms [DE 70 and 71 (duplicate filing)].

On June 28, 2010, in keeping with his plea agreement, Defendant forfeited his interest in that property listed in the forfeiture allegations of the Indictment, as follows:

   1)   .45 caliber Sig Sauer pistol, serial number G288591, and ammunition;

   2)   AK 47 rifle, serial number BT4421; and

   3)   .45 caliber Llama pistol, serial number 12121-95, and ammunition.

[DE 1 at 4, Page ID#: 4; *see* DE 48 at 6, Page ID#: 104; DE 31 at 4, ¶ 11, Page ID# 55.]  Defendant Chandler now asks the Court for an order permitting these firearms, as well as a .380 Beretta pistol, to be delivered to Bud's Gun & Range, 1105 Industry Road, Lexington, Kentucky 40505, so that they may be sold and the proceeds of that sale returned to him.  In support

of his request, he relies on *Henderson v. United States*, 135 S.Ct. 1780 (2015), which holds that a court may approve the transfer of a felon's lawfully owned firearms consistently with § 922(g) if, but only if, the recipient will not grant the felon control over those weapons.

In this instance, assuming that Defendant lawfully owned the Sig Sauer pistol, the AK 47 rifle, and the Llama pistol listed above, he has since forfeited his interest in those firearms to the United States and may not request their transfer for sale. The United States advises that the .380 Beretta pistol was previously reported stolen by its owner and has, in fact, been returned to the proper owner by the DEA. Whatever Defendant's interest in that firearm may have been, it is not available for transfer for sale, and no relief may be granted.

Accordingly, it is ordered that Defendant's Motion for Return of Firearms [DE 70] is **DENIED**.

This the 20th day of November, 2015.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge